# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ABDULLAH SHAKURGRACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-1152 JMB |
| | ) | |
| TERI LAWSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Plaintiff Abdullah Shakurgrace, also known as William Grace and William Grace-Bey (Missouri prison registration number 336358), for leave to commence this civil action *in forma pauperis*, or without prepayment of the filing fee. ECF No. 2.  While incarcerated, Plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim.  Accordingly, for the reasons discussed below, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint.

## **The Complaint**

Plaintiff brings this 42 U.S.C. § 1983 action against the warden and two nurses at Farmington Correctional Center ("FCC"), where he is currently incarcerated. ECF No. 1 at 1-3. Plaintiff alleges that on September 24, 2022, he self-declared to FCC medical, reporting pain on the left side of his chest and difficulty breathing.  According to Plaintiff, the two nurse defendants "failed to take appropriate treatment" and "denied [him] medical treatment" when they did not immediately "hook [him] up to the EKG machine." *Id.* at 4.  Records filed by Plaintiff indicate

that Plaintiff's breathing and lungs were assessed and were found "within normal limits." ECF No. 1-5 at 30. Three days later, Plaintiff had a chest x-ray, showing a pneumothorax. ECF No. 1 at 4. Plaintiff was taken to the hospital on the following day, September 28th, for treatment. Plaintiff seeks 1.2 million dollars in damages, alleging that defendant nurses deliberately denied him medical treatment on September 24, 2022. *Id.* at 4-5. As to the defendant warden, Plaintiff alleges that she is also responsible because she signed his institutional grievances, denying him the relief he sought. ECF No. 1-2 at 4.

## Legal Standard

Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he or she has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

But, pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v.*

*Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g).  *Id*.  A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury" – conclusory assertions of ongoing danger are insufficient.  *Martin*, 319 F.3d at 1050.

## Discussion

Plaintiff here, a prisoner and frequent filer of frivolous lawsuits, is subject to 28 U.S.C. § 1915(g).  Based on a review of cases filed by Plaintiff in this Court, Plaintiff had accumulated more than three strikes by the time he filed this action.[1]  Plaintiff should be aware of his status as a three-striker, as he has already had multiple cases dismissed in this Court due to the three strikes rule.[2]  As such, under 28 U.S.C. § 1915(g), Plaintiff is not allowed to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable.  28 U.S.C. § 1915(g).

Based on the allegations of the complaint, Plaintiff does not assert that he is currently in imminent danger of serious physical injury.  Moreover, nothing in the complaint constitutes imminent danger of serious physical injury at the time of case filing.  Plaintiff's allegations relate to a past incident which occurred in September 2022 – approximately a year prior to case filing.

---

[1] *See Grace v. Stubblefield*, 4:07-cv-1630-ERW (E.D. Mo. filed Sept. 14, 2007) (dismissed Oct. 18, 2007, for frivolity and/or failure to state a claim); *Grace v. Owens*, 4:08-cv-89-CDP (E.D. Mo. filed Jan. 17, 2008) (dismissed Apr. 17, 2008, for failure to state a claim); *Grace v. Chastain*, 4:08-cv-598-FRB (E.D. Mo. filed Apr. 28, 2008) (dismissed June 10, 2008, for failure to state a claim); *Grace v. Allen*, 4:08-cv-619-CAS (E.D. Mo. filed Apr. 30, 2008) (dismissed May 16, 2008, for failure to state a claim); *Grace v. Jones*, 4:08-cv-620-FRB (E.D. Mo. filed Apr. 30, 2008) (dismissed June 30, 2008, for failure to state a claim); *Grace v. Brennen*, No. 2:16-cv-64-SPM (E.D. Mo. filed Sept. 12, 2016) (dismissed Dec. 6, 2016, for failure to state a claim).

[2] *See Grace v. Babich*, No. 1:09-cv-75-SNLJ (E.D. Mo. filed June 8, 2009) (dismissed June 30, 2009); *Grace v. Sterling*, No. 1:10-cv-117-SNLJ (E.D. Mo. filed July 14, 2010) (dismissed Aug. 3, 2010); *Grace-Bey v. Ruby*, No. 2:16-cv-89-JMB (E.D. Mo. filed Dec. 21, 2016) (dismissed Jan. 19, 2017); *Grace-Bey v. Mo. Dep't of Corrs.*, No. 2:17-cv-55-NCC (E.D. Mo. filed Aug. 10, 2017) (dismissed Aug. 14, 2017); *Grace-Bey v. Precythe*, No. 2:19-cv-8-RLW (E.D. Mo. filed Feb. 4, 2019) (dismissed Feb. 20, 2019); *Grace-Bey v. Precythe*, No. 2:20-cv-23-SEP (E.D. Mo. filed Apr. 30, 2020) (dismissed May 4, 2020); *Grace v. Bey*, No. 2:21-cv-27-SPM (E.D. Mo. filed Apr. 1, 2021) (dismissed Apr. 23, 2021).

The complaint contains no allegations of ongoing injury or further treatment, or lack thereof, by the defendant nurses.  Nor does it allege that Plaintiff suffered any detrimental effect as a result of not having a chest x-ray for three days following the onset of symptoms.  Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him.  Therefore, the Court will deny Plaintiff's motion to proceed *in forma pauperis* and will dismiss this action, without prejudice, subject to Plaintiff refiling as a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to Plaintiff refiling a fully paid complaint.  *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 26th day of September, 2023.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE